UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CEREBRAL, INC.,<br><br>    Defendant. | Case No. 23-cv-02239-JST<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 10 |

Before the Court is Plaintiffs' motion to remand and request for attorney's fees. ECF No. 10. The Court will grant the motion and deny the request for fees.

## I. BACKGROUND

In this putative class action, Plaintiffs John Doe I and John Doe II allege that Defendant Cerebral, Inc., a telehealth company, disclosed their personal medical information to Meta Platforms, Inc. without their knowledge. ECF No. 1-1 ¶ 2, 5. Plaintiffs filed suit against Cerebral in San Francisco Superior Court on April 3, 2023, bringing claims under the unlawful, unfair, and fraudulent prongs of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* Cerebral removed this case to this Court under the Class Action Fairness Act ("CAFA") on May 8, 2023. ECF No. 1. Plaintiffs filed the instant motion on May 12, 2023. ECF No. 10. The Court held a hearing on the motion on August 17, 2023. ECF No. 21.

## II. LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). Diversity jurisdiction "requires complete diversity citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess*

*Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). In addition, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). While it typically "presumed that a cause lies outside this limited jurisdiction," *id.*, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "When challenged on jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 US. 77, 96–97 (2010).

## III. DISCUSSION

Plaintiffs argue that Cerebral cannot satisfy CAFA's minimum diversity requirement because it is a citizen of California. Plaintiffs also assert that the Court should award attorney's fees pursuant to 28 U.S.C. § 1447(c) because Cerebral removed this action to this Court without an objectively reasonable basis. Defendants argue that it satisfies minimum diversity because it is a citizen of Delaware and Massachusetts.

### A. Minimum Diversity

CAFA provides that a class action may be removed to federal court if the amount in controversy exceeds $5 million, the proposed class consists of 100 members, and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For purposes of diversity, "a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of any State where it has its principal place of business." 28 U.S.C. § 1332. The Supreme Court has held that the phrase "principal place of business" refers to a corporation's "nerve center," *i.e.*, "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92–93. "And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, . . . and not simply an office where the corporation holds its board meetings." *Id.* at 93.

Cerebral argues that its principal place of business is in Massachusetts, not California. Plaintiffs argue that Cerebral should be judicially estopped from arguing that its principal place of

2

business is not in California.

Judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *Russel v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). The doctrine "'protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment' and prevents 'the perception that either the first or the second court was misled.'" *Perez v. Discover Bank*, --- F.4th ----, No. 22-15322, 2023 WL 4697253, at *3 (9th Cir. July 24, 2023) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001)). While "'[t]he circumstances under which judicial estoppel may appropriately be invoked are not reducible to any general formulation of principle,' . . . . several factors typically inform the decision whether to apply the doctrine." *New Hampshire*, 532 U.S. at 751 (alteration in original) (citations omitted) (quoting *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982). Those factors include "when 1) its current position is 'clearly inconsistent' with its previous position; 2) 'the party has succeeded in persuading a court to accept that party's earlier position'; and 3) the party, if not estopped, 'would derive an unfair advantage or impose an unfair detriment on the opposing party.'" *Perez*, 2023 WL 46972553, at *3 (quoting *New Hampshire*, 532 U.S. at 750–51). The Ninth Circuit has emphasized that these factors are "non-exclusive." *United States v. Paulson*, 68 F.4th 528, 547 (9th Cir. 2023).

### 1. Consistency of Current Position

"A party's current position is clearly inconsistent with its previous position if the current position 'contradict[s]' the previous position." *Id.* (quoting *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012). Plaintiffs argue that Cerebral has represented in two other cases that its principal place of business is in California and that it is a citizen of California.[1] ECF No. 10 at 11. Cerebral argues that it made this assertion "approximately a month-and-a-half before [it] initiated its address change." ECF No. 16 at 13.

Since May 2022, Cerebral has represented in at least two other lawsuits, including once through a sworn declaration, that its principal place of business is in California. *See* Notice of

---

[1] Plaintiffs' request for judicial notice of docket filings in these two other cases, ECF No. 10-7, is granted.

3

Removal at 2, *Cullors et al. v. Cerebral, Inc.* ("*Cullors*"), No. 2:22-cv-09143-DSF-PD (C.D. Cal. Dec. 16, 2022), ECF No. 1; Declaration of Sharon Wu in Support of Defendant's Notice of Removal at 2, *Bilbao v. Cerebral, Inc.*, No. 0:23-cv-60015-AHS (S.D. FL Jan. 5, 2023), ECF No. 1-3 ("At the time Plaintiff commenced this action, and at all times since, Cerebral was and is a domestic corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of California."). In the current lawsuit, by contrast, Cerebral argues that its principal place of business is in Massachusetts because its nerve center is there. ECF No. 16 at 11. In support of this argument, Cerebral cites the sworn declaration of Cerebral's CEO, David Mou, in which Mou attests that he has directed the corporation from his residence in Massachusetts since May 2022. *See* ECF No. 16-1 ¶ 2, 3, 5. If this is true, then Cerebral's nerve center and principal place of business has been Massachusetts since May 2022. These positions are thus inconsistent.

Cerebral attempts to explain this inconsistency by arguing that the facts have changed since it made its prior representations. It notes that it previously listed a Walnut, California address as its principal place of business on various Secretary of State forms, but has now updated the forms to reflect a new address in Claymont, Delaware, where it is incorporated. ECF No. 16 at 5. Plaintiffs also place much emphasis on these forms. ECF No. 10 at 4, 7–8.

These facts are irrelevant to the Court's determination of the motion. Both the California and Delaware addresses belong to outlets of Virtual Post Mail, which is "a company that receives, processes, and stores mail for virtual companies." ECF No. 16-2 ¶ 9. In other words, these locations are mail drops. Neither address is the location of Cerebral's headquarters or the location from which its executives exercise direction and control. *See Hertz*, 559 U.S. at 92–93. Therefore, changes to these forms cannot have changed the basis for Cerebral's representations. In fact, as Cerebral's counsel acknowledged at the motion hearing, California has *never* been Cerebral's principal place of business.[2] Thus, whether there was any basis for them or not,

---

[2] While Cerebral's counsel attempted at hearing to explain away the company's prior representations on the grounds that the law in this area is "unsettled," the same "nerve center" test to determine a corporation's principal place of business has applied at all relevant times. *See Hertz*, 559 U.S. at 92–93. Counsel did not state, and nothing in the records suggests, that

4

1    Cerebral's prior representations about its principal place of business are inconsistent with its
2    position in this litigation.

### 2. Persuading a Court to Accept the Earlier Position

"A party successfully persuades a court to accept the party's earlier position when the court 'accept[s] and relie[s] upon' the position 'when making its ruling.'" *Perez*, 2023 WL 4697253, at *4 (quoting *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009)). The Supreme Court has written that this factor is motivated by the desire to avoid "the perception that either the first or the second court is misled." *New Hampshire*, 532 U.S. at 750 (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595 (6th Cir. 1982)). And "[a]bsent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations' and thus poses little threat to judicial integrity." *Id.* (citation omitted) (quoting *United States v. C.I.T. Constr. Inc.*, 944 F.2d 253, 259 (5th Cir. 1991)). Plaintiff argues that Cerebral succeeded in defeating a motion to remand in *Cullors* on the basis of its citizenship. Cerebral responds that the issue of Cerebral's citizenship was not material to the *Cullors* court's analysis. *See* Order Denying Motion to Remand, *Cullors*, No. 2:22-cv-09143-DSF-PD (C.D. Cal. Feb. 23, 2023), ECF No. 24.

While the plaintiffs in *Cullors* did not challenge the court's jurisdiction on the basis of Cerebral's citizenship, the court nonetheless implicitly relied on and accepted Cerebral's representation in denying the motion. This is because "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz*, 559 U.S. at 94. Accordingly, when a federal court adjudicates a case on the basis of diversity of citizenship, it necessarily relies on and accepts the parties' representations as to their citizenship regardless of whether another party challenges those representations. For example, when a court denies a motion to dismiss for failure to state a claim in a case predicated on its diversity jurisdiction, the court is necessarily accepting and relying on the parties' representations of their citizenship as a predicate to its exercise of subject matter jurisdiction. And, in denying the motion

---

California was ever either Cerebral's physical headquarters or "the place where the corporation's high level officers direct[ed], control[led], and coordinate[d] the corporation's activities." *Id.*

to remand in *Cullors*, the court necessarily concluded, albeit implicitly, that the non-challenged jurisdictional prerequisites were satisfied, including diversity.  By extension, permitting Cerebral to advance a different representation in this lawsuit would necessarily create the perception that the *Cullors* court was misled, as it would render false the prior representation that served as the basis for the *Cullors* court's determination that the minimum diversity requirement was satisfied.  By the same token, if the *Cullors* court's assessment of its jurisdiction was grounded in a true representation, then this court's assessment of its own jurisdiction would necessarily be grounded in a false representation, which poses a direct threat to judicial integrity.  The Court concludes that this factor is satisfied.

### 3.  **Unfair Advantage or Detriment**

"A party derives an unfair advantage from taking two contradictory positions if invoking the new position creates the 'possibility of [the party] prevailing on the very position it successfully discredited.'"  *Perez*, 2023 WL 4697253, at *4 (alteration in original) (quoting *Spectrum Worldwide*, 555 F.3d at 779–80).  Plaintiffs argue that this factor is satisfied because Cerebral's new representation as to its citizenship amounts to "gamesmanship" wherein Cerebral seeks to select its own forum.  ECF No. 10 at 10.  Cerebral argues that allowing it to change its position would not "unfairly strengthen the merits of its case."  ECF No. 16 at 13.

There is no requirement in the caselaw that the advantage be related to the underlying merits of the case.  Rather, the Supreme Court has emphasized that the consideration is whether the inconsistent position would "derive an unfair advantage or impose an unfair detriment," *New Hampshire*, 532 U.S. at 751 (emphasis added), and the Ninth Circuit has considered this factor satisfied where "gaming of the courts . . . . would be unfair to" the opposing party in some material way.  Accordingly, courts in this district have held that allowing a "clearly inconsistent position" that would "permit [defendants] to forum shop . . . constitutes an 'unfair advantage.'" *Iglesias v. Welch Foods Inc.*, No. 17-cv-00219-TEH, 2017 WL 1227393, at *3 (N.D. Cal. Apr. 4, 2017) (quoting *Galitski v. Samsung Telecomm'cns. Am., LLC*, No. 8:CV-12-00903-CJC(JPRx), 2012 WL 12830000, at *3 (C.D. Cal. Nov. 21, 2012)).  Here, Cerebral's position would allow it to supplant Plaintiffs' choice of forum with its own.  This possibility falls squarely within the

caselaw's definition of gamesmanship. Therefore, this factor is satisfied.

Because all three factors are present, the Court exercises its discretion to estop Cerebral from arguing now that its principal place of business is not in California. Minimum diversity is thus lacking, and the court lacks subject matter jurisdiction over this case.

### B. Attorney's Fees

Plaintiffs seek attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). Upon issuing an order to remand, the Court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 552 (9th Cir. 2018). "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Id.* (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). "Two factors are relevant to this analysis: (1) the clarity of the relevant law at the time of removal and (2) the factual similarities between cases applying that law and the case at issue." *Jadali v. Cigna Health & Life Ins. Co.*, No. 3:19-cv-00996-WHO, 2019 WL 1897481, at *3 (N.D. Cal. Apr. 29, 2019).

Removal in this case was not objectively unreasonable. Judicial estoppel is a matter of discretion that turns on a non-exclusive list of factors. Given the Supreme Court's express recognition that judicial estoppel is "not reducible to any general formulation of principle," the Court cannot conclude that the relevant law was sufficiently clear as required by the first factor. *New Hampshire* 532 U.S. at 751. As to the second factor, Plaintiffs have identified no case featuring factual similarities to the case at hand. Further, if judicial estoppel did not apply, Cerebral may have been able to establish that its nerve center is in Massachusetts, and Plaintiffs do not dispute that the other prerequisites for CAFA removal are satisfied. For these reasons, the Court declines to exercise its discretion to award attorney's fees.

/ / /

**CONCLUSION**

Plaintiffs' motion to remand is granted and their request for fees is denied. This case is hereby remanded to the San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: August 18, 2023



_____
JON S. TIGAR
United States District Judge